UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Joel A., *et al.*,

                Plaintiffs,

-against-

Giuliani, *et al.*,

                Defendants.

99-CV-326 (AJN)

ORDER

ALISON J. NATHAN, United States District Judge:

On May 29, 2018, the Court accepted for filing in this closed case a motion brought by Mariah Lopez to vacate a settlement entered into by the parties 16 years ago. *See* Dkt. No. 35. Ms. Lopez proceeds *pro se*.

This case was initially filed in January 1999 on behalf of six plaintiffs, all minors represented by their next friends. Although the complaint was filed as a putative class action, no class was certified. In 2002, the parties reached settlement agreements and the case was closed.

According to a letter that Ms. Lopez submitted on June 12, she was Joel A., one of the plaintiffs in this action.[1] In her motion, she asks that the Court vacate the settlement entered in the case, remove counsel, and "grant [her] permission to proceed with individual[] claims against the Defendants pursuant to Section 60(b)(6) of the U.S. Federal Code." Dkt. No. 35.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers,

---

[1] *See* Dkt. No. 36. In the June 12 letter, Ms. Lopez also clarifies that her birth name was Brian Joel Lopez.

"relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Plaintiff asserts that she is entitled to relief under Rule 60(b)(6), the residual clause.[2] "This portion of the Rule is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986). These "extraordinary circumstances" typically do not exist where the applicant fails to move for prompt relief. *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d

---

[2] Even if Plaintiff's motion were brought pursuant to other subsections of Rule 60(b), it would be untimely. Under clauses (1)-(3), the motion must be brought within one year of the relevant order to be timely. *See* Fed. R. Civ. P. 60(c)(1). And under clauses (4) and (5), like 60(b)(6), her motion must have been made within a "reasonable time," which, for reasons stated below, is not true here. *Id.*

2

180, 190 n.8 (2d Cir. 2006) (quotation omitted). Motions brought pursuant to Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Ms. Lopez claims that she has brought this motion as soon as she "learned the full extent of [her] injuries." Dkt. No. 35 at 2. She alleges that the Court, the next friends, and the counsel for the plaintiffs failed to execute their duties under the law, that the Defendants "got away" with the conduct complained about, that the settlement was not in the best interest of the Queer youth in foster care who were part of the putative class, and that counsel failed to understand trans issues and the needs of trans individuals. *Id.* at 2-5.

Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

As an initial matter, given that the class was never certified, Ms. Lopez's complaints must focus solely on the settlement that affected her (Joel A.). As a non-attorney, she may only bring claims on her own behalf, not on behalf of any of the other plaintiffs in this case. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Second, Ms. Lopez's delay in bringing this claim cannot be fairly described as "within a reasonable time." What constitutes a reasonable time will vary by case, and requires a court to "scrutinize the particular circumstances of a case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (citation omitted). While some delay may be excused here by the fact that Ms. Lopez was only 16 years old at the time of settlement, and may not have known the full extent of the trauma she experienced until years later, she is now 33 years old, and certainly could have brought this motion many years ago.

3

Third, and finally, even if her delay were excused, Ms. Lopez's largely broad and conclusory allegations about the insufficiency of counsel and her next friend at the time, and the mistreatment counsel *should have* known about at the time of settlement and shortly thereafter, would not meet the high standard for establishing that there are "extraordinary circumstances justifying relief." She has not presented sufficient "highly convincing material" needed to support her motion. *See D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) ("Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing material.").

## CONCLUSION

Accordingly, Plaintiff's motion for vacatur is denied. This resolves Dkt. No. 35. The Clerk of Court is directed to notify Ms. Lopez that this order has been entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 20, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge